Price v. Thomas.

---

THOMAS PRICE, *Appellee*, v. JANE E. THOMAS (D. L. THOMAS, *Appellant*).

No. 17,204.

HEADNOTE BY THE REPORTER.

EXECUTION—*Gifts—Fraudulent Conveyance.* Where a personal judgment against a wife is based upon a breach of warranty in a deed conveying real estate, a gift of all her money and property to her husband is held to be a fraud upon her judgment creditor.

Appeal from Lyon district court. Opinion filed October 7, 1911. Affirmed.

*Dennis Madden,* and *W. C. Roberts,* for the appellant.

*M. M. Suddock, W. L. Huggins, H. E. Ganse,* and *Humbert Riddle,* for the appellee.

*Per Curiam:* This is a proceeding in aid of execution before the judge of the district court of Lyon county.

Jane E. Thomas and her brother, David W. Jones, executed and delivered to Thomas Price a warranty deed to a certain tract of land which they had inherited from their father, William E. Jones, deceased. In an action for a breach of the warranty, Price recovered a judgment against Jane E. Thomas for the sum of $1341.63 and $5.35 costs. Execution was issued on this judgment, delivered to the sheriff of the county and returned unsatisfied.

In this proceeding the judgment creditor obtained an order from the court directing Jane E. Thomas to appear and she did appear before the judge of said court and was duly examined. At the conclusion of her examination an order was made directing D. L. Thomas, her husband, to appear for examination. He testified that Thomas Price had paid to him, as agent for Jane E. Thomas and her brother, $8500 for the farm; that he had at the time, in his hands, as rents from the farm $299.66, in all $8799.66. That after paying divers claims and expenses he had a balance of $6905.61, of which Jane E. Thomas was entitled to $3452.80 and her brother to the same amount. The judge found that there still remained in the hands of D. L. Thomas $1703.36 of the money belonging to his wife, and ordered him to pay out of said sum $1341.36, the amount of the judgment, together with interest and costs, to the clerk of the court within ten days. From this order the appeal is taken.

No objection is made to the findings of the court except that the court finds that D. L. Thomas received the money and held the $1703.36 as the agent of his

wife, Jane E. Thomas, whereas the appellant, D. L. Thomas, contends that his wife "gave him the money free from any claim on her part or any accounting."

It is contended on the part of the appellant that Thomas Price was not the creditor of Jane E. Thomas, yet the record shows that he had a personal judgment against her for $1341.63 and costs and that execution had been issued and returned by the sheriff unsatisfied on such judgment. This claim is untenable. Moreover, the return shows that Mrs. Thomas was without property, other than the money in the hands of her husband, to satisfy the judgment. The judgment was based on her contract in conveying the land that the same was free and clear of all incumbrances, and the question whether there was an incumbrance thereon had been fully adjudicated by the court. A gift of the money, under the circumstances, to her husband would have been a fraud upon Thomas Price as her creditor, and if the evidence had been admitted, that Mrs. Thomas had given the money to her husband, it should not have changed the order in this case. However, the judgment of the court that D. L. Thomas held the money as the agent of his wife was amply sustained by the evidence of both D. L. Thomas and Jane E. Thomas, and if thereafter the offered testimony had been allowed, viz., that Jane E. Thomas used language to the effect that she gave the money to her husband free from any claim on her part or from any accounting, such evidence should not and probably would not have changed the finding of the court.

The order of the court is affirmed.